ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| PR ASSET PORTFOLIO 2013 - INTERNATIONAL, LLC<br><br>Apelado<br><br>v.<br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>Apelante | TA2025AP00243 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Número: SJ2019CV10743<br><br>Sobre: Incumplimiento de Contrato de Seguro; Mala Fe y Acción Declaratoria |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Rivera Marchand

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de octubrede 2025.

Comparece ante esta Curia, One Alliance Insurance Corporation (One Alliance o Apelante) y solicita que revoquemos la *Sentencia* que notificó el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 26 de junio de 2025; o en su defecto, que devolvamos el presente asunto ante el foro primario para la celebración de una vista argumentativa. El TPI dictó el pronunciamiento impugnado, por la vía sumaria, a favor de PR Asset Portfolio 2013-1 International, LLC. (PRAPI o Apelada).

Por los fundamentos que exponemos, confirmamos el dictamen apelado. Veamos.

**I.**

La presente causa dio inicio, el 6 de septiembre de 2019, cuando PRAPI incoó una *Demanda* sobre incumplimiento de contrato de seguro y acción declaratoria, en contra de One Alliance, ante la Sala Superior de la Región Judicial de San Juan. Según las alegaciones de la *Demanda*, varias propiedades sitas en distintos

municipios y aseguradas con One Alliance, sufrieron los daños reclamados, tras el paso del Huracán María sobre Puerto Rico. Surge además que, debido al volumen de propiedades aseguradas afectadas, las partes convinieron subdividir la reclamación en tres sub-reclamaciones, (*1st Claim Submission, 2nd Claim Submission* y *3rd Claim Submission*), que corresponde a dos pólizas de seguros (número 75-28-000001258 (REO) y número 75-28-000001259 (NPL). En esencia, PRAPI expuso que, One Alliance incumplió con sus obligaciones contractuales e incurrió en mala fe. Lo antes, al negarse a desembolsar las ofertas acordadas, relacionadas al *2nd Claim Submission* y al *3rd Claim Submission.* A raíz de lo anterior, PRAPI suplicó el cumplimiento específico de los acuerdos logrados en torno a las reclamaciones disputadas, entre otros remedios.

Así las cosas, el TPI, Sala de San Juan, ordenó la bifurcación del litigio en trece (13) reclamaciones,[1] según la correspondiente ubicación geográfica de los inmuebles asegurados. Atinente al recurso ante nos, PRAPI incoó una *Demanda Enmendada* en la que reiteró lo expuesto en la demanda original y detalló las propiedades sitas en Bayamón, así como las cantidades adeudadas. Además, solicitó remedios declaratorios al amparo de la Regla 59.1 de las Reglas de Procedimiento Civil 32 LPRA Ap. V. R. 59.1, y remedios civiles al amparo del Código de Seguros, Ley Núm. 247 del 27 de noviembre de 2018.   One Alliance presentó su alegación responsiva. En ella, además de negar las alegaciones en su contra, imputó a PRAPI haber provisto información falsa y haber ocultado datos esenciales, pertinentes al ajuste de su reclamación. Expuso que, aplicó una reducción a las ofertas en disputa, luego de advenir en conocimiento de que ciertas propiedades, objeto del *1st Claim*

---

[1] Mediante una *Orden,* notificada el 11 de octubre de 2019, el Tribunal de Instancia de San Juan, segregó las reclamaciones entre las siguientes jurisdicciones judiciales: Aguadilla, Aibonito, Arecibo, Bayamón, Caguas, Carolina, Fajardo, Guayama, Humacao, Mayagüez, Ponce, San Juan y Utuado. Véase, Ent. Núm. 2 en SUMAC-TPI.

*Submission,* no representaban un interés asegurable. Además sostuvo que no todos los daños sufridos están cubiertos y que PRAPI ha incurrido en temeridad.

Culminadas múltiples incidencias procesales que resultan innecesarias pormenorizar[2], PRAPI instó un nuevo petitorio sumario, el 19 de septiembre de 2023.[3] Además de proponer nueve (9) hechos incontrovertidos, discutió que la *Sentencia* que un panel hermano de esta Curia notificó, el 11 de enero de 2023 (Recurso Núm. KLCE202201139), surte el efecto de cosa juzgada sobre el caso de marras. En el referido dictamen, el panel hermano revocó al foro de instancia (Tribunal de Instancia de Caguas) y determinó que, One Alliance no podía retractarse del ajuste previamente emitido. Lo antes, sustentado en que, One Alliance no demostró que, las circunstancias extraordinarias que invocó para retractarse del ajuste no pudieron haberse descubierto a la fecha de su emisión. En la alternativa, PRAPI expuso que, aplica la doctrina de impedimento colateral por sentencia, la cual impide que, el TPI emita un dictamen incompatible con la referida *Sentencia* del Tribunal de Apelaciones.

De igual forma, One Alliance presentó un petitorio sumario, a través del cual, solicitó al TPI los siguientes remedios: que atribuya a PRAPI haber cometido fraude; que anule las pólizas de seguros números 75-28-000001259-0 y 75-28-000001258-0; que ordene a PRAPI devolver a One Alliance el dinero pagado, al amparo del *1st Claim Submission,* más el reembolso de los gastos incurridos.[4]

---

[2] Cabe señalar que, mediante *Resolución* emitida el 16 de diciembre de 2022, (Recurso Número KLCE 202201182) denegamos la expedición del auto de *certiorari* solicitado por PRAPI con relación a un dictamen interlocutorio notificado por el TPI el 26 de septiembre de 2022.

[3] Junto a su solicitud dispositiva, PRAPI incluyó los siguientes documentos: Anejo A-Sentencia del Tribunal de Apelaciones de 10 enero de 2023, T.A. Núm. KLCE202201139; Anejo B-Petición de *Certiorari* de PRAPI; Anejo C-Oposición a Petición de *Certiorari* de One Alliance; Anejo D-*Resolución* del Tribunal Supremo de 14 de abril de 2023; Anejo E- *Resolución* del Tribunal Supremo de 16 de junio de 2023; Anejo F- *Resolución* del Tribunal Supremo de 1 de septiembre de 2023; Anejo G-Mandato del Tribunal Supremo, notificado el 11 de septiembre de 2023. Véase, Ent. Núm. 205 en SUMAC-TPI.

[4] One Alliance sustentó su petitorio con: Anejo 1-Póliza REO; Anejo 2-Póliza NPL; Anejo 3-*Proof of Loss*; Anejo 4-Transcripción deposición Samuel Kirschner 14 de

Separadamente, One Alliance se opuso al petitorio sumario de PRAPI, bajo el fundamento de que, a su entender, no se configura la perfecta identidad de la causa, elemento esencial de la doctrina de cosa juzgada.[5] Añadió que, en todo caso, procede aplicar la cosa juzgada a su favor, toda vez que, existen seis (6) determinaciones judiciales finales, firmes e inapelables que denegaron los petitorios sumarios de PRAPI, por existir hechos en controversia. Al mismo tiempo, One Alliance solicitó la desestimación de la presente causa de acción, bajo el entendido de que, no expone una reclamación que justifique la concesión de un remedio.

Análogamente, PRAPI se opuso a la moción de sentencia sumaria de One Alliance en donde expuso que, las alegaciones de fraude son frívolas y no están sustentadas en prueba.[6] Haciendo referencia a los dictámenes finales, firmes e inapelables de dos (2) paneles hermanos de esta Curia, relacionados a esta causa (Recursos Núm. KLCE202201139 y KLCE202201212), añadió que, One Alliance invocó el presunto fraude luego de investigar y efectuar el ajuste inicial, sin demostrar que surgieron circunstancias extraordinarias que le impidieron descubrirlo al emitir el ajuste.

Evaluados los petitorios sumarios, sus correspondientes oposiciones y los escritos subsiguientes de ambas partes,[7] el TPI

---

diciembre de 2022; Anejo 5-*Statement of Loss Second Submission*; Anejo 6-Aviso de incidente TSP; Anejo 7-Cheque TSP; Anejo 8-Formulario CP00900788. Véase, Ent. Núm. 208 en SUMAC-TPI.

[5] Junto a su escrito en oposición, One Alliance incluyó lo siguiente: Anejo I-Cheque Núm. 0266785-endosado -PR Asset; Anejo II-Tribunal de Apelaciones-Reconsideración. Véase, Ent. Núm. 213 en SUMAC-TPI.

[6] PRAPI presentó con su escrito en oposición lo siguiente: Anejo I-Sentencias del TA en los Recursos Núm. KLCE202201139, KLCE202201212 y KLAN202300485; Anejo II-*Resolución* del Tribunal Supremo, Recurso Núm. AC-2023-0014; Anejo III-*Resolución* del TA, Recurso Núm. KLCE202201139; Anejo IV-*Orden* del TPI, Sala Superior de Arecibo, Caso Núm. SJ2019CV10739; Anejo V-*Resolución* del TA, Recurso Núm. KLAN202300485. Véase, Ent. Núm. 219 en SUMAC-TPI.

[7] Véase, *Moción Informativa sobre Decisiones Persuasivas,* Ent. Núm. 222 en SUMAC-TPI; *Breve Dúplica A: "Réplica a Oposición y Solicitud Desestimación De One Alliance [Sumac Núm. 227] y Solicitud de Honorarios por Temeridad y a a [sic] Moción Informativa sobre Decisiones Persuasivas"*, Ent. Núm. 224 en SUMAC-TPI; *Réplica a "Escrito en Oposición a Moción de Sentencia Sumaria de One Alliance [SUMAC NÚM.208]" y en Oposición a "Solicitud de Honorarios por Temeridad"*, Ent. Núm. 225 en SUMAC-TPI; *Moción Conjunta en Respuesta a los Escritos Presentados por la Parte Demandada en las Entradas Sumac 224 y 225,* Ent. Núm. 229 en SUMAC-TPI.

declaró ha lugar la solicitud de sentencia sumaria que promovió PRAPI, mientras que, denegó la moción de One Alliance a esos efectos. En su dictamen, consignó ocho (8) determinaciones de hechos, a saber:

1. El 10 de enero de 2023 notificada el 11 del mismo mes, el Tribunal de Apelaciones dictó *Sentencia* en el caso KLCE202201139 (proveniente del caso SJ2019CV10729 del Tribunal de Caguas) ("Sentencia de Caguas"), revocando la *Resolución* del Tribunal de Primera Instancia en el caso relacionado de Caguas, que había denegado la *Moción de Sentencia Sumaria de PRAPI.*

2. En la *Sentencia de Caguas,* el Tribunal de Apelaciones determinó que One Alliance no podía retractarse del ajuste que le emitió a PRAPI. En cuanto a esto, dispuso que "One Alliance no demostró que hayan surgido circunstancias extraordinarias que le fueran imposibles descubrir al momento de emitir el ajuste." *Véase Id.*, pág. 8. Por tanto, concluyó que "erró el Tribunal de Primera Instancia al no ordenar a One Alliance que realizara el pago del ajuste emitido ya que se trata de una deuda líquida, vencida y exigible." *Véase Id.*, pág. 9; *véase* además *Id.*, pág. 8 (PRAPI "[s]eñala que [el TPI] debió ordenar a One Alliance cumplir con el pago del ajuste emitido en el 2nd Claim Submission. Tiene razón.").

3. El Tribunal de Apelaciones también determinó que "[s]i bien es cierto que, One Alliance presentó *Reconvención* alegando fraude por parte de PRAPI, el momento para levantar cualquier reclamación era cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente," por lo cual no procedía la misma. *Véase Id.*, pág. 8-9.

4. One Alliance recurrió al Tribunal Supremo de la *Sentencia.* El Tribunal Supremo acogió la apelación de One Alliance como recurso de *Certiorari* y lo denegó.

5. El Tribunal Supremo rechazó las dos mociones de reconsideración que presentó la aseguradora posteriormente, por lo cual, habiéndosele agotado los remedios apelativos a One Alliance, la *Sentencia de Caguas* advino final y firme.

6. El 11 de septiembre de 2023 se registró el mandato correspondiente en autos en el caso de Caguas.

7. Este Tribunal toma conocimiento judicial que el Tribunal de Apelaciones emitió varias sentencias análogas a la de Caguas, pero esta vez proveniente del pleito ventilándose en otras regiones judiciales:
   a. Sentencia del TA en el caso KLCE202201212 (proveniente del caso SJ2019CV10753 del Tribunal de Fajardo).

   b. Sentencia del TA en el caso KLAN202300485 (proveniente del caso SJ2019CV10725 del Tribunal de Aguadilla).

   c. Sentencia del TA en el caso KLAN202400219 (proveniente del caso SJ2019CV10751 del Tribunal de Aibonito).

   d. Sentencia del TA en el caso KLAN202400374 consolidado con KLCE202400528 (proveniente del caso SJ2019CV10740 del Tribunal de Guayama).

   e. Sentencia del TA en el caso KLCE202400221 (proveniente del caso SJ2019CV10752 del Tribunal de Humacao).

   f. Sentencia del TA en el caso KLAN202300653 (proveniente del caso SJ2019CV10806 del Tribunal de Ponce).

   g. Sentencia del TA en el caso KLAN202300636 (proveniente del caso SJ2019CV10808 del Tribunal de Utuado).

8. Todas estas sentencias son finales y firmes (en conjunto con la Sentencia de Caguas, las "*Sentencias finales y firmes*"), y todas resuelven las controversias planteadas en este caso a favor de PRAPI.

En su dictamen, el foro primario expuso que, todas las sentencias finales y firmes, consignadas en la citada determinación de hecho número 7, versan sobre las mismas dos pólizas, entre las mismas partes, involucran idénticos acuerdos transaccionales, comparten las mismas controversias de hecho y de derecho que el presente pleito, y nacieron -en el año 2019- producto de la demanda que instó PRAPI en el Tribunal de Instancia de San Juan.

Basado en lo antes, el TPI hizo constar que:

[…] las partes son las mismas y […] comparecieron en la misma calidad en todos los pleitos que se ventilan en las distintas regiones judiciales […] El objeto de este pleito se comparte entre los trece casos relacionados: los acuerdos de transacción y las reclamaciones de seguro que PRAPI aún tiene pendiente frente a One Alliance. El hecho de que la misma controversia se haya fraccionado involuntariamente entre las trece regiones judiciales, subdividiendo la reclamación en base a la ubicación de las propiedades que la subyacen, no altera esa conclusión. […] Finalmente, también existe identidad de causa entre los pleitos de Caguas, y demás regiones judiciales y este […] porque […] surgen de la misma transacción y comparten el mismo núcleo de hechos. Y, según admite One Alliance, lo único que varía entre los pleitos son las propiedades que ubican en las distintas Regiones Judiciales. [SUMAC 139]. Pero esa diferencia es inmaterial toda vez que estos pleitos versan sobre las mismas Pólizas, entre las mismas

partes, y fundamentalmente sobre la misma reclamación de seguros (y los acuerdos que surgieron de ese proceso). [...] Cabe señalar que los daños a las propiedades particulares de esta región judicial no son relevantes para con el remedio que PRAPI solicita en su moción de sentencia sumaria: que se declare que los acuerdos transaccionales son válidos y que deben pagarse y que se ordene a One Alliance a ajustar el remanente de las reclamaciones pendientes. Es decir, no existe una disputa de valoración.

A esos efectos, el foro primario concluyó que, los dictámenes finales y firmes que emitieron diversos paneles del Tribunal de Apelaciones surten efecto de cosa juzgada sobre esta causa. A lo antes añadió que, al amparo de la doctrina del impedimento colateral por sentencia, el foro primario debe impartir finalidad a los hechos esenciales sobre los cuales los distintos paneles del Tribunal de Apelaciones fundamentaron la adjudicación de la causa por la vía sumaria, a favor de PRAPI.

De conformidad, el foro primario declaró la validez de las pólizas en cuestión. Dispuso que, One Alliance no puede retractarse de los acuerdos transaccionales otorgados con respecto al *1st Claim Submission* y al *2nd Claim Submission,* y que PRAPI no tiene que devolver a One Alliance cuantía alguna derivada de la primera reclamación. Cónsono con lo anterior, ordenó a One Alliance pagar a PRAPI $1,493,856.59, por concepto del *2nd Claim Submission,* más intereses y honorarios. Asimismo, le instruyó finalizar el ajuste y pago, tanto de las reclamaciones pendientes del *2nd Claim Submission,* como de la totalidad de las reclamaciones que forman parte del *3rd Claim Submission,* pertenecientes a la Región Judicial de Bayamón, dentro de un término perentorio de treinta (30) días, sin que sea necesario realizar una inspección ulterior.

En desacuerdo, One Alliance instó ante el TPI un petitorio de reconsideración. Expuso que, el foro primario acertadamente invocó la doctrina de cosa juzgada, sin embargo, a su entender, "procede la desestimación en cuanto al reclamo de pago de PR Asset sobre la suma de $1,493,856.59 dólares [sic] correspondiente al ajuste

parcial del 2ndo [sic] Claims [sic] Submission. No solo ya este pago ha sido satisfecho, en su totalidad por la parte compareciente, sino y adicionalmente, ya otro foro con competencia sobre la materia se encuentra atendiendo dicha controversia. Esto es el TPI, [S]ala Superior de Caguas."[8]

One Alliance expone como fundamento para su petitorio que, el Tribunal de Instancia de Caguas (Caso Núm. SJ2019CV10729) es el foro judicial que está ventilando la ejecución de la sentencia que notificó un panel hermano de esta Curia (Recurso Núm. KLCE202201139).[9] A esos efectos, One Alliance presentó -como anejo a su petitorio de reconsideración ante el foro primario- la *Orden* que el Tribunal de Instancia de Caguas notificó el 11 de febrero de 2025, de la cual se desprende que, PRAPI ha "cobrado **parcialmente** la cantidad dictada en la Sentencia del Tribunal Apelativo."[10]

Tras el foro primario negarse a reconsiderar, One Alliance acude ante esta Curia, mediante el presente recurso en el cual le imputa lo siguiente al foro primario:

> Erró el TPI-Bayamón, al aplicar la doctrina juzgada a los hechos del presente caso, y no desestimar la reclamación de PR Asset del 2023, en cuanto al pago del 2nd Claim Submission; la aplicación incorrecta de una doctrina a los hechos del caso incide sobre el debido proceso de ley;
>
> La Sentencia emitida por este Tribunal en enero de 2023 es impedimento colateral y con cuyo cumplimiento de pago One Alliance cumplió, asunto siendo atendido ante el TPI-Caguas.
>
> Por otro lado, PR Asset como acreedor no puede cobrar más de una (1) vez la deuda. Por lo que procedía atemperar la Sentencia a los hechos del caso en el presente y no los aducidos en la Sentencia Sumaria del

---

[8] Énfasis suprimido. Véase, Ent. Núm. 254, págs. 10-11 en SUMAC-TPI.
[9] En el referido dictamen, el panel hermano expidió el auto de *certiorari* y revocó la *Resolución* recurrida, a los efectos de dictaminar que: "al emitir la oferta[,] One Alliance notificó que después de una investigación diligente, la Póliza cubría los daños reclamados por PRAPI. La cantidad ofrecida en dicho documento constituye una deuda líquida, vencida y exigible. No puede One Alliance negarse a emitir el pago del *1st and 2nd Claim Submission* de las propiedades ajustadas una vez fue aceptado por PRAPI." (Nota omitida.)
[10] (Énfasis nuestro.) Ent. Núm. 254 en SUMAC-TPI, Anejo 5.

2023, lo anterior de conformidad con el debido proceso de ley.

Erró el TPI-Bayamón al no relevar a One Alliance del pago del 2nd Claim Submision ordenado en la sentencia apelada, a pesar de que fue demostrado al foro sentenciador que ante el TPI-Caguas se han emitido órdenes ejerciendo jurisdicción sobre ese pago global en cumplimiento del mandato a ese Tribunal.

En cumplimiento con nuestra *Resolución,* PRAPI acredita su alegato en oposición. Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Batista Valentín v. Sucn. De José Enrique Batista Valentín y otros,* 2025 TSPR 93, resuelto el 1 de octubre de 2025. Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales, no hay duda sobre los hechos esenciales y existe evidencia que los apoya, de manera que, solo resta aplicar el derecho. *Negrón Castro y otros v. Soler Bernardini y otros,* 2025 TSPR 96, resuelto el 6 de octubre de 2025.

Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y

pertinente, y siempre que el derecho aplicable así lo justifique. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78, resuelto el 5 de agosto de 2025.

En cuanto a los requisitos de forma con los cuales la parte promovente de una solicitud de sentencia sumaria debe cumplir, la Regla 36.3(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) establece los siguientes: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

De otra parte, quien desafía una moción de sentencia sumaria, no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,* 204 DPR 20, 43 (2020). La Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a dicha parte a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos, el promovido

deberá precisar y sustentar, con evidencia sustancial, los hechos materiales que pretende controvertir y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(d). *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025.

Cabe puntualizar que, a tenor de la normativa aplicable, si la parte promovida opta por no oponerse al petitorio sumario, conforme a las Reglas de Procedimiento Civil, *supra,* se arriesga a que el TPI dicte sentencia en su contra, si procede en derecho. Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra. Entiéndase que, el mero hecho de que la parte promovida no presente una oposición o, de presentarla, no cumple con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* ello no obliga al juzgador de los hechos a automáticamente disponer del asunto por la vía sumaria. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013). Lo antes está sujeto a la sana discreción del Tribunal. *Íd.,* págs. 432-433.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si, bajo ningún supuesto de hechos, prevalece el promovido. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente, en

todo momento de que, su determinación puede conllevar que, se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Ahora bien, la sentencia sumaria no procederá cuando existan controversias sobre hechos esenciales materiales, o si, la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). Además, existen casos que no deben resolverse mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos, mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver, por la vía sumaria, "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente, por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> […] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra*,* pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en igual posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, estamos llamados a revisar el expediente *de novo* y acreditar que las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra*, y en su jurisprudencia interpretativa. *Negrón Castro y otros v. Soler Bernardini y otros,* supra. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos evaluar *de novo,* si el foro primario aplicó correctamente el derecho. *Negrón Castro y otros v. Soler Bernardini y otros,* supra.

**B. La cosa juzgada y el impedimento colateral**

La doctrina de la cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et als. v. ELA,* 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654-655 (2013). También tiene el efecto de evitar que, en un pleito posterior, se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe,* 186 DPR 263, 273 (2012).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se

aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.,* 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012).

De otra parte, el impedimento colateral por sentencia, por constituir una modalidad de la cosa juzgada, protege a los litigantes de tener que defenderse o de probar su reclamación en repetidas ocasiones sobre una misma controversia. *Presidential v. Transcaribe,* supra. Lo antes, con el objetivo de promover la economía procesal y judicial, evitar litigios innecesarios y dictámenes inconsistentes. *Íd.* Sin embargo, distinto a la cosa juzgada, la aplicación del impedimento colateral por sentencia no requiere la identidad de las causas. *Íd.* Entiéndase que, la referida defensa puede invocarse, aunque la razón de pedir en la demanda actual no sea la misma que en la reclamación anterior. *Íd.*

Sobre cuándo aplica el impedimento colateral por sentencia, nuestro más Alto Foro dictaminó que: "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *Íd.*, pág. 277. Esta doctrina puede exponerse de forma defensiva u ofensiva.

En la modalidad defensiva, quien presenta la defensa es la parte demandada para impedir que la parte demandante litigue nuevamente un asunto previamente presentado y que perdió en un pleito anterior en contra de otra parte. *P.R. Wire Prod. V. C. Crespo*

*& Assoc.,* 175 DPR 139, 153 (2008). En cuanto a la segunda modalidad, quien presenta la defensa es la parte demandante para impedir que la parte demandada re litigue un asunto presentado y sobre el cual no prevaleció en un pleito anterior en contra de otra parte. *Íd.* En ambos escenarios, la parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. *Íd.*

Ahora bien, es importante apuntalar que, la doctrina de cosa juzgada es una de las defensas afirmativas que enumera la Regla 6.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, y a esos efectos, dispone que, debe formularse de manera clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Presidential v. Transcaribe*, supra, pág. 281, citando a *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294 (1989). Por lo tanto, de no levantar la defensa afirmativa de manera oportuna, la parte no puede plantearla en ninguna otra etapa posterior del proceso judicial. *Íd.*, págs. 285-286. Además, los tribunales no pueden levantar defensas afirmativas *motu proprio* cuando las partes son quienes las han renunciado. *Íd.*, pág. 284.

**III.**

En su recurso, One Alliance expone que, el TPI erró al aplicar la doctrina de cosa juzgada, sin desestimar la reclamación en cuanto al *2nd Claim Submission.* Discute que, el foro primario está impedido de continuar adjudicando la misma controversia y de ordenar pagos adicionales por el mismo concepto, a pesar de que el cumplimiento del pago final y global está siendo atendido en el Tribunal de Instancia de Caguas y de que, lo antes, permitiría el cobro duplicado de una misma acreencia. Suplica que, de no revocar el dictamen apelado, devolvamos este asunto al foro primario para le celebración de una vista argumentativa y evidenciaria porque, a su entender, ya

dio cumplimiento a la *Sentencia* que notificó un panel hermano de esta Curia, el 11 de enero de 2023 (Recurso Núm. KLCE202201139).

Al oponerse, PRAPI argumenta que, la doctrina de impedimento colateral no respalda la interpretación que le da One Alliance, a los efectos de, intentar liberarse de un dictamen que reitera el pago de una deuda la cual se resiste a pagar, sin tratarse de un doble cobro o de un pago nuevo. PRAPI asegura que, One Alliance no ha cumplido con las obligaciones impuestas mediante dictámenes finales y firmes. En particular, sobre el doble cobro, acredita haber cobrado de One Alliance $1,342,396.52[11] del principal correspondiente al *2nd Claim Submission,* cuyo monto total asciende a $1,493,856.59. A esos efectos, consigna que, el balance pendiente de pago totaliza $151,460.07. Añade que, no procede conceder el remedio alterno que invoca One Alliance, en la medida en que, tuvo la oportunidad de presentar sus posturas durante la vista argumentativa que celebró el foro primario, el 8 de mayo de 2024.[12]

Conforme nos exige la normativa antes expuesta, y en particular, lo resuelto en *Roldán Flores v. M. Cuebas et al,* supra, a la pág. 679, nos compete revisar *de novo,* los petitorios sumarios de ambas partes, sus respectivas oposiciones, los anejos que los acompañan y los escritos posteriores de One Alliance. Lo antes, a los efectos de precisar si ambas partes cumplieron con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra,* y si el foro primario actuó correctamente al resolver esta causa sumariamente, bajo la doctrina de cosa juzgada.

---

[11] Según PRAPI detalla en su alegato, el monto ejecutado se desglosa así: $607,860.44 en la Región Judicial de Caguas (SJ2019CV10729); $106,995.15 en la Región Judicial de Arecibo (SJ2019CV10739); $96,842.75 en la Región Judicial de Humacao (SJ2019CV10752); $521,134.70 en la Región Judicial de Aibonito (SJ2019CV10751); $9,563.48 en la Región Judicial de Utuado (SJ2019CV10808). Véase, Ent. Núm. 5 en SUMAC-TA, pág. 15.
[12] Véase, Ent. Núm. 245 en SUMAC-TPI.

Realizado el análisis de rigor, concluimos que, PRAPI cumplió con las formalidades de la citada Regla 36, tanto en su petitorio sumario como al oponerse a la solicitud que a esos mismos fines presentó One Alliance. En particular, incluyó una relación enumerada de los nueve (9) hechos esenciales que propone como incontrovertidos y los documentos en apoyo a los mismos. También, se enfrentó al petitorio sumario de One Alliance de forma detallada y presentó evidencia en apoyo a su postura.

Por el contrario, y tal cual identificó el TPI, el petitorio sumario de One Alliance, no contiene una relación concisa, organizada y enumerada de los hechos incontrovertidos, y omite sustentar sus alegaciones de fraude con prueba admisible. Al mismo tiempo, la oposición de One Alliance, a la solicitud de sentencia sumaria de PRAPI, carece de un detalle de los hechos esenciales y pertinentes, sobre los cuales entiende que existe controversia sustancial. No obstante, lo anterior, el referido incumplimiento no implica la concesión automática de la sentencia sumaria a favor de PRAPI. *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

Superado lo anterior, y tras un examen sosegado y *de novo* del presente asunto, colegimos que, el foro primario no incidió al resolver esta causa por la vía sumaria. En ausencia de controversias de hechos medulares, tampoco apreciamos que el dictamen apelado adolezca de un error manifiesto en la aplicación del Derecho. Nos explicamos.

Surge del dictamen impugnado que, existen ocho (8) dictámenes finales y firmes que resuelven a favor de PRAPI, la misma reclamación de seguros, sobre una póliza suscrita, entre las mismas partes, y que surten efecto de cosa juzgada sobre este asunto. En particular:

> a. Sentencia del TA en el caso KLCE202201212 (proveniente del caso SJ2019CV10753 del Tribunal de Fajardo).

b. Sentencia del TA en el caso KLAN202300485 (proveniente del caso SJ2019CV10725 del Tribunal de Aguadilla).

c. Sentencia del TA en el caso KLAN202400219 (proveniente del caso SJ2019CV10751 del Tribunal de Aibonito).

d. Sentencia del TA en el caso KLAN202400374 consolidado con KLCE202400528 (proveniente del caso SJ2019CV10740 del Tribunal de Guayama).

e. Sentencia del TA en el caso KLCE202400221 (proveniente del caso SJ2019CV10752 del Tribunal de Humacao).

f. Sentencia del TA en el caso KLAN202300653 (proveniente del caso SJ2019CV10806 del Tribunal de Ponce).

g. Sentencia del TA en el caso KLAN202300636 (proveniente del caso SJ2019CV10808 del Tribunal de Utuado).

h. Sentencia del TA en el caso KLCE202201139 (proveniente del caso SJ2019CV10729 del Tribunal de Caguas).

De tales pronunciamientos destacamos que, al resolver el Recurso Núm. KLCE202201139, un panel hermano de esta Curia dejó sin efecto la denegatoria al petitorio sumario de PRAPI que dispuso el Tribunal de Instancia de Caguas (Caso Núm. SJ2019CV10729). Además, el panel hermano determinó que, One Alliance "no puede retractarse del ajuste que informó al asegurado", entiéndase, a PRAPI. Allí, también dispuso que, el monto que One Alliance ofreció como ajuste constituye una deuda líquida, vencida y exigible, una vez PRAPI la acepta. Consignó que, One Alliance levantó el presunto fraude luego de expresar haber realizado una investigación diligente de la reclamación, y sin demostrar que surgieron circunstancias extraordinarias que le impidieron descubrirlo para la fecha en que emitió el ajuste. Sobre tales bases, el panel hermano concluyó que, el foro de instancia incidió al no ordenar a One Alliance realizar el pago del ajuste emitido.

En consideración a lo resuelto en el Recurso Núm. KLCE202201139, y tal cual lo dictaminó el foro primario en la *Sentencia* apelada, sin lugar a duda, aplica a este caso la doctrina

de cosa juzgada. Estamos ante las mismas partes, que comparecen en la misma calidad, en la totalidad de los pleitos bifurcados. Se configura, además, la identidad entre las cosas, por tratarse de una misma reclamación de seguro que, aunque subdividida entre trece regiones judiciales, da lugar a un mismo ajuste o acuerdo transaccional. Por último, existe una misma razón de pedir entre los pleitos bifurcados debido a que, en todos, PRAPI reclamó a One Alliance el pago de lo adeudado por concepto del *2nd Claim Submission.*

Con respecto a la aplicabilidad de la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia, luego de revisar los ocho (8) dictámenes finales y firmes antes desglosados, tomamos conocimiento de lo allí resuelto y constatamos que, el pago del ajuste acordado sobre el *2nd Claim Submission,* constituye una deuda líquida, vencida y exigible, que One Alliance no ha sufragado en su totalidad. Tal cual dispuso el foro primario, aunque los daños a las propiedades reclamados varíen, según la región judicial de la cual se trate, esta doctrina es aplicable, a tenor de lo resuelto por el Alto Foro en *Presidential v. Transcaribe,* supra.

De conformidad, la *Sentencia* apelada ordena a One Alliance pagar a PRAPI $1,493,856.59, en virtud del ajuste acordado sobre el *2nd Claim Submission.* Cabe puntualizar que, lo antes, no constituye una cantidad adicional a la previamente impuesta por ese concepto, ni implica un doble pago a favor de PRAPI. Más bien, constituye un único pago global, que abarca todas las reclamaciones objeto del *2nd Claim Submission,* sin estar atado a una región judicial particular, cuyo monto no ha sido pagado completamente. La *Orden* que el Tribunal de Instancia de Caguas notificó, el 11 de febrero de 2025, (Caso Núm. SJ2019CV10729) así lo confirma, al expresamente disponer que, PRAPI ha "cobrado parcialmente la

cantidad dictada en la Sentencia del Tribunal Apelativo." Ent. Núm. 254 en SUMAC-TPI, Anejo 5.

Lo antes coincide con lo que acreditó PRAPI, en su *Alegato en Oposición a Apelación,* de que ha cobrado de One Alliance $1,342,396.52, por lo cual, el balance pendiente de pago por concepto de principal es de $151,460.07, más los intereses y los honorarios de abogado que impuso el foro primario.

En virtud de lo anterior, resolvemos que, el foro primario actuó correctamente al aplicar a esta causa las doctrinas de cosa juzgada e impedimento colateral por sentencia; al denegar el petitorio sumario de One Alliance, en ausencia de evidencia que sustente el presunto fraude; y al disponer de esta causa sumariamente a favor de PRAPI. Los errores señalados no se cometieron. Lo antes, no prejuzga cualquier determinación del foro primario o cualquier acción ulterior de las partes atinente a la forma de pago objeto de la presente causa.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones